**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAY FALCON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CONTINENTAL AIRLINES, et al,<br><br>　　　　　Defendants. | Civil Action No. 12-5782 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Continental Airlines, Inc. ("Continental")'s motion for reconsideration of this Court's partial denial of Continental's motion for summary judgment on December 4, 2013. The Court has considered the submissions made in support of, and in opposition to, Continental's motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Continental's motion is granted.

**I.     BACKGROUND**

The relevant facts of this case are fully set forth in this Court's December 4, 2013 Opinion (the "Opinion") and are repeated here only to the extent they are pertinent to the instant motion for reconsideration.

At all relevant times, Continental employed Plaintiff Ray Falcon ("Plaintiff"), who is an openly homosexual man, as a flight attendant. When Plaintiff reported to Newark Liberty International Airport on September 23, 2010 to work a late flight to Paris, France, his supervisors

1

told him that his hairstyle was not in compliance with Continental's appearance standards. Continental gave Plaintiff the option of self-correcting his appearance, or being removed from the Paris flight.

Because he could not risk losing his pay, Plaintiff consented to a haircut at the airport. He was subsequently allowed to work the flight to Paris, and remains employed by Continental.

Plaintiff claims that as a result of the September 23, 2010 incident, he applied for benefits under the Family Medical Leave Act, has sought psychological treatment from a licensed psychologist, has been prescribed medication, and misses approximately one flight per month.

On June 21, 2012, Plaintiff filed a three-count complaint against Continental in state court alleging the following claims: (1) sexual orientation discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.*; (2) battery; and (3) intentional infliction of emotional distress. Continental removed this matter to federal court on September 14, 2012. Thereafter, Continental filed a motion for summary judgment as to all three claims on October 24, 2013. On December 4, 2013, this Court entered an Opinion and Order granting summary judgment in favor of Continental as to Plaintiff's claims for battery and intentional infliction of emotional distress. The Court, however, denied Continental's motion as to Plaintiff's NJLAD claim. Continental filed the instant motion for reconsideration on December 18, 2013.

## II. LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters" or argue new matters that could have been raised before the original decision was

2

reached. *See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.,* 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set [] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1.

The Court will reconsider a prior order only where a different outcome is justified by: 1) an intervening change in law; 2) the availability of new evidence not previously available; or 3) a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City,* No. 98-5186, 2008 U.S. Dist. LEXIS 293, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

### III.  DISCUSSION

As this Court noted in its Opinion, Plaintiff's complaint does not specifically articulate the theory upon which his NJLAD claim is premised. Upon reviewing the allegations in the complaint, this Court determined that it was appropriate to construe Plaintiff's NJLAD claim as one for hostile work environment. In Continental's brief in support of its motion for summary judgment, however, Continental construed Plaintiff's NJLAD claim as one for disparate treatment.[1] The Court did not hear argument as to the propriety of granting summary judgment as to any hostile work environment claim prior to issuing its Opinion.

---

[1] It is worth noting that neither Continental nor Plaintiff made it explicitly clear that they construed Plaintiff's NJLAD claim as one for disparate treatment in their respective briefs in support of, and in opposition to, Continental's motion for summary judgment. Continental, for the first time, explicitly made the Court aware that it construed Plaintiff's NJLAD claim as one for disparate treatment in its papers in support of its motion for reconsideration.

3

In its motion for reconsideration, Continental has advanced the following arguments as to why this Court should reconsider its denial of summary judgment as to Plaintiff's hostile work environment claim: (1) the Court's conclusion that there is a genuine issue of material fact with respect to the supervisors' knowledge of Plaintiff's sexual orientation was clearly erroneous; and (2) Plaintiff cannot satisfy the elements of a hostile work environment claim because, among other reasons, there are insufficient facts in the record to support a reasonable finding that the incident of September 23, 2010 would not have occurred but for his sexual orientation. The Court will address each of these arguments, in turn.

> A. <u>Whether this Court's Conclusion that Genuine Issues of Material Fact Exist as to the Supervisors' Knowledge of Plaintiff's Sexual Orientation was Clearly Erroneous</u>

Continental argues that the Court's holding that there is a genuine issue of material fact as to "whether the supervisors on duty on September 23, 2010 knew of [Plaintiff's] sexual orientation . . . suffers from clear error." (*See* Def. Br. at 9.) In its original motion for summary judgment, Plaintiff argued that none of the supervisors involved in the incident of September 23, 2010 were aware of his sexual orientation. (*See* CM/ECF No. 25-2 at 3-6.) The Court thoroughly considered this argument, and rejected it. (*See* Opinion at 7.) It is inappropriate for Continental to re-litigate this issue on a motion for reconsideration. *See, e.g., P. Schoenfeld,* 161 F. Supp. 2d at 352.

Moreover, in his supplemental Rule 56.1 statement, Plaintiff asserted that his supervisors were aware of his sexual orientation. (*See* Pl. Supp. SUMF at ¶ 3.) Continental did not explicitly deny this assertion in its response to Plaintiff's supplemental Rule 56.1 statement. Rather, Continental provided a narrative response, which is inappropriate under Local Civil Rule 56.1. *See, e.g., Owens v. Am. Hardware Mut. Ins. Co.,* No. 11-6663, 2012 U.S. Dist. LEXIS 182953 (D.N.J. Dec. 31, 2012) ("The proper response to a procedurally correct Rule 56 motion is to file a counter statement that <u>*denies*</u> the fact is material, <u>*admits*</u> the material fact, or <u>*denies*</u> the material

fact by counter proofs conforming to the rules of evidence.") (emphasis added). Accordingly, the Court properly construed Plaintiff's assertion as admitted. *See* Loc. Civ. R. 56.1; *see also Schwartz v. Hilton Hotels Corp.*, 639 F. Supp. 2d 467, 469 n.2 (D.N.J. 2009) (deeming facts that were neither admitted nor denied in Rule 56.1 statement to be undisputed).

In light of Continental's failure to specifically and explicitly deny Plaintiff's assertion that his supervisors were aware of his sexual orientation, and the fact that the record suggests that Plaintiff was open about his homosexuality and that one of his supervisors had a telephone conversation with an individual who identified himself as Plaintiff's partner, this Court's failure to hold—as a matter of law—that Plaintiff's supervisors were unaware of his sexual orientation was not clearly erroneous.

B. <u>Whether Plaintiff can Make a Prima Facie Claim for Hostile Work Environment</u>

At the outset, the Court notes that in previously denying summary judgment as to Plaintiff's hostile work environment claim, it addressed the parties' arguments apparently tailored to a disparate treatment claim. Now, unlike then, the Court has the benefit of considering arguments properly tailored to a hostile work environment claim.[2]

"To establish a prima facie claim for hostile work environment under the NJLAD, a plaintiff must establish that defendant's conduct '(1) would not have occurred but for the employee's [protected characteristic]; and it was (2) severe or pervasive enough to make a (3) reasonable [person] believe that (4) the conditions of employment are altered and the working environment is hostile or abusive.'" *Ross v. Rutgers Univ.*, No. 13-2809, 2013 U.S. Dist. LEXIS 131824, at *7 n.2 (D.N.J. Sept. 16, 2013) (quoting *Lehman v. Toys R Us, Inc.*, 132 N.J. 587, 603-04 (1993)) (alterations in original). Continental argues that summary judgment as to Plaintiff's

---

[2] In retrospect, the Court recognizes that it would have been more prudent to allow the parties to file supplemental briefs upon construing Plaintiff's NJLAD claim as one for hostile work environment.

5

NJLAD claim should be granted because Plaintiff cannot satisfy all the elements of a hostile work environment claim. As it is clear to the Court that Plaintiff cannot satisfy the first element, it need not address whether Plaintiff can satisfy the other three.

To satisfy the first element, Plaintiff must ultimately "show by a preponderance of the evidence that [he] suffered discrimination *because* of [his sexual orientation]." *See Lehman*, 132 N.J. at 604 (emphasis added). In other words, Plaintiff must establish a causal connection between his sexual orientation and his supervisors' conduct on September 23, 2010. *See id.* Although this Court held that there is a question of fact as to whether Plaintiff's supervisors knew about his sexual orientation, it never specifically addressed whether there is sufficient evidence in the record to support a finding that the supervisors discriminated against him *on account of* his sexual orientation as neither party thoroughly briefed the issue in connection with Continental's motion for summary judgment.

Based upon its thorough review of the record, the Court fails to see how a reasonable jury may find by a preponderance of the evidence that Plaintiff suffered discrimination *because* of his sexual orientation. The record is devoid of any evidence suggesting that anyone at Continental made any comments to Plaintiff about his sexual orientation. In fact, Plaintiff makes no other allegation of discrimination aside from the incident which is the subject of this litigation.

In response to Continental's motion for reconsideration, Plaintiff attached five photographs of unidentified Continental employees whose hairstyles "have not been questioned by supervisors at Continental," yet are allegedly more extreme than Plaintiff's hairstyle on September 23, 2010.[3] (*See* Pl. Resp. at 9.) These photographs are insufficient to raise a triable issue of fact as to whether Plaintiff was singled out because of his sexual orientation because nothing in the record suggests

---

[3] Plaintiff produced these photographs to Continental during the course of discovery.

6

that the individuals in these photographs are similarly situated. *See, e.g., Jason v. Showboat Hotel & Casino*, 329 N.J. Super. 295, 304 (App. Div. 2000) (noting that employee may indirectly prove discrimination by showing "that *similarly situated* employees were not treated equally.") (emphasis added) (citation omitted).

Indeed, nothing in the record suggests that these employees whose extreme hairstyles Continental allegedly has never questioned are heterosexual. Additionally, the Court has no way of knowing whether these individuals even wore their allegedly extreme hairstyles during work hours, what positions these individuals occupied at Continental, or where the photographs were taken. Based on the record before it, this Court cannot conclude that these photographs are probative of any discriminatory animus on the part of Plaintiff's supervisors, as they fail to suggest that Continental applied its grooming policy to Plaintiff in a discriminatory fashion *because* of his sexual orientation.[4] Accordingly, to prevent manifest injustice, Continental's motion for reconsideration is granted. The Court will grant summary judgment as to Plaintiff's NJLAD claim in Continental's favor. An appropriate order follows.

Dated: 18 of February, 2014.

JOSE L. LINARES
U.S. DISTRICT JUDGE

---

[4] For the same reasons stated herein, any disparate treatment claim under the NJLAD would also fail, as any such claim would require Plaintiff to show that he was treated less favorably "than similarly situated employees who were not in [his] protected class." *See Johnson v. St. Luke's Hosp.*, 307 F. App'x 670, 672 (3d Cir. 2009). In any event, this Court did not construe Plaintiff's NJLAD claim as one for disparate treatment, and Plaintiff did not move for reconsideration on this point. Therefore, under the current posture of this case, no disparate treatment claim exists.